O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAVOUR I. KIRKSEY,               ) | CASE NO. ED CV 07-00844 (RZ) |
|                         ) | |
| Plaintiff,      ) | |
|                         ) | MEMORANDUM OPINION |
| vs.                ) | AND ORDER |
|                         ) | |
| MICHAEL J. ASTRUE, Commissioner ) | |
| of Social Security,              ) | |
|                         ) | |
| Defendant.   ) | |

Plaintiff asserts three bases for overturning the Commissioner's decision denying his claim for disability. The Court finds none of them persuasive.[1]

First, Plaintiff asserts that the Administrative Law Judge acted as a doctor himself, by substituting his own diagnosis for that of the medical professionals. In this argument, however, Plaintiff has simply seized on what amounts to a typographical error. In Finding No. 3, the Administrative Law Judge stated that Plaintiff had "an attendant

---

[1] Although Plaintiff submitted a 19-page memorandum in support of his Complaint, the great bulk of that memorandum consisted of a recitation of the medical evidence, despite the Court's admonition in its Order Regarding Further Proceedings that such information was not necessary, and should not be recited except in a way that subordinates the medical evidence to the claim of legal error. The actual assignment of errors fills only a few pages of the memorandum.

disorder" [AR 27], and Plaintiff vehemently argues that this was the Administrative Law Judge's concoction, not the diagnosis of a medical professional (Plaintiff's Memorandum in Support of Complaint 16:2-26). The text of the decision shows, however, that the Administrative Law Judge discussed "an attendant mood disorder" [AR 29], and the Court finds it most probable that the word "mood" simply was inadvertently omitted from the heading in which the Administrative Law Judge set forth his finding. A typographical error is not the basis for reversal of the Commissioner's decision.

        Second, Plaintiff asserts that the mental residual functional capacity omitted certain limitations found by the physicians, and that, with those limitations included, Plaintiff would have been disabled, according to the testimony of the vocational expert. The Court does not agree. The Administrative Law Judge thoroughly discussed the medical evidence, but he was not required to discuss every particular marking on a chart. *Howard v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003). The limitation which Plaintiff would engraft on Plaintiff's ability to work is one which Plaintiff's counsel asked about at the hearing, but is not found in the regulations. In his question to the vocational expert, Plaintiff asked the expert to assume that, because of a moderate limitation on the ability to maintain regular attendance, Plaintiff would miss one day of work per week [AR 485]. Given that assumption, the expert opined that no work would be available [AR 486]. There is, however, no authority cited to this Court in support of such an interpretation of the term "moderate limitation," and the notion is counter-intuitive that a limitation causing a twenty percent absence rate translates into a "moderate" limitation. The Court does not consider the failure to specifically identify these limitations as error, but if it is, then it falls within the range of harmless error. *Cf. Mathews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993).

        Plaintiff also asserts that the Administrative Law Judge wrongly discounted the opinion of one doctor, Dr. Shearer, based on "the source of the doctor's fee" (Plaintiff's Memorandum in Support of Complaint 18:15). Perhaps some of the language used by the Administrative Law Judge was unnecessarily pointed or harsh. Nevertheless, the basis for rejecting the doctor's opinion was not so much "the source of the doctor's fee" as the

content of the doctor's assessment.  The Administrative Law Judge gave a number of reasons for rejecting the opinion, including inconsistencies with the medical record, over-reliance on self-reporting by Plaintiff, and contrary opinions from other medical professionals, which can be considered reliable.  Thus, the Administrative Law Judge fulfilled his obligation of providing specific, legitimate reasons backed by substantial evidence for rejecting Dr. Shearer's opinion.  *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 989); *Morgan v. Apfel*, 169 F.3d 595, 602-03 (9th Cir. 1999).  That is all he need do.

Since there is no basis for reversal, Plaintiff's request that the matter be assigned to a different administrative law judge on remand is moot.

The decision of the Commissioner is affirmed.

DATED:  April 7, 2008

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE